IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-486-D

IRMA RODRIGUEZ, and )
ETHEL DOLORES LAWSON, )
 )
                Plaintiffs, )
 )
v. ) **ORDER**
 )
RIVERSTONE COMMUNITIES, LLC, )
INDIAN CREEK PARENT, LLC, )
INDIAN CREEK MHP, LLC, )
INDIAN CREEK DEALER, LLC, and )
INDIAN CREEK ASSOCIATION, LLC, )
 )
                Defendants. )

      On October 15, 2021, Irma Rodriguez ("Rodriguez") and Ethel Dolores Lawson ("Lawson") (collectively "plaintiffs"), individually and on behalf of all others similarly situated, filed a putative class action against Riverstone Communities, LLC, Indian Creek Parent, LLC, Indian Creek MHP, LLC, Indian Creek Dealer, LLC, and Indian Creek Association, LLC (collectively "defendants") in Wake County Superior Court alleging nine North Carolina law claims concerning defendant's operation of a mobile home park in Wake County, North Carolina [D.E. 1-5]. On November 23, 2021, defendants removed the action to this court based on diversity jurisdiction [D.E. 1]. On December 20, 2021, defendants moved to dismiss for failure to state a claim upon which relief can be granted (1) claims one, two, and three in their entirety, (2) claims four, five, eight, and nine in part, (3) all claims of plaintiff Ethel Dolores Lawson (i.e. claims two, five, seven, and part of claim nine), and (4) all claims against defendants Riverstone Communities, LLC, Indian Creek Parent, LLC, Indian Creek MHP, LLC, Indian Creek Dealer, LLC, and Indian Creek Association, LLC [D.E. 19] and filed a memorandum in support [D.E. 20]. On January 24, 2022, plaintiffs responded in opposition except as to claim three and any other claims that rely on an underlying violation of the

North Carolina Manufactured Home Warranties Act, N.C. Gen. Stat. §§ 143-143.8, et seq., and asked the court to remand those claims to Wake County Superior Court [D.E. 23]. On February 7, 2022, defendants replied [D.E. 25]. On April 18, 2022, with the court's permission, see [D.E. 29], plaintiffs filed a sur-reply [D.E. 30]. As explained below, the court dismisses without prejudice all of the claims and parts of claims relying on allegations of violations of the North Carolina Manufactured Home Warranties Act, N.C. Gen. Stat. §§ 143-143.8, et seq., and denies the motion to dismiss as to all other claims, plaintiffs, and defendants.

I.

Plaintiffs contend that defendants violated various provisions of North Carolina law while operating the Indian Creek Overlook Mobile Home Park in Wake County, North Carolina. See Compl. [D.E. 1-5] ¶¶ 1–5. Plaintiffs allege nine causes of action under North Carolina law and seek damages, declaratory relief, and injunctive relief. See id. ¶¶ 124–222. Claims one and two allege violations of Chapter 47H of the North Carolina General Statutes, N.C. Gen. Stat. §§ 47H-1, et seq. ("Chapter 47H"), which governs "Contracts for Deed." See id. ¶¶ 124–48. Claim three alleges violations of North Carolina Manufactured Home Warranties Act, N.C. Gen. Stat. §§ 143–143.8, et seq. See id. ¶¶ 149–61. Claims four and five allege violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1, et seq. ("UDTPA"), based on the same factual allegations as claims one, two, and three. See id. ¶¶ 162–82. Claims six and seven allege violations of the North Carolina Debt Collection Act, N.C. Gen. Stat. §§ 75-50, et seq. ("NCDCA"). See id. ¶¶ 183–209. Claim eight alleges that defendants engaged in a civil conspiracy. See id. ¶¶ 210–14. In claim nine, plaintiffs seek a declaratory judgment. See id. ¶¶ 215–22.

II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th

2

Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a party's factual allegations must nudge its claims beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79; see Twombly, 550 U.S. at 570.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity" without converting the motion into one for summary judgment. Goines, 822 F.3d at 166. Additionally, a court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Defendants' motion to dismiss requires the court to consider North Carolina state law claims. Accordingly, this court must predict how the Supreme Court of North Carolina would rule on any disputed state law issues. See Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C., 433 F.3d 365, 369 (4th Cir. 2005). In doing so, the court must look first to opinions of the Supreme

3

Court of North Carolina. See id.; Parkway 1046, LLC v. U.S. Home Corp., 961 F.3d 301, 306 (4th Cir. 2020); Stahle v. CTS Corp., 817 F.3d 96, 100 (4th Cir. 2016). If there are no governing opinions from that court, this court may consider the opinions of the North Carolina Court of Appeals, treatises, and "the practices of other states." Twin City Fire Ins. Co., 433 F.3d at 369 (quotation omitted).[1] In predicting how the highest court of a state would address an issue, this court must "follow the decision of an intermediate state appellate court unless there is persuasive data that the highest court would decide differently." Toloczko, 728 F.3d at 398 (quotation omitted); see Hicks v. Feiock, 485 U.S. 624, 630 & n.3 (1988). Moreover, in predicting how the highest court of a state would address an issue, this court "should not create or expand a [s]tate's public policy." Time Warner Ent.-Advance/Newhouse P'ship v. Carteret-Craven Elec. Membership Corp., 506 F.3d 304, 314 (4th Cir. 2007) (alteration and quotation omitted); see Day & Zimmermann, Inc. v. Challoner, 423 U.S. 3, 4 (1975) (per curiam); Wade v. Danek Med., Inc., 182 F.3d 281, 286 (4th Cir. 1999).

### III.

#### A.

Defendants argue that plaintiff Ethel Lawson's claims in claims two, five, seven, and part of nine all arise out of her ejectment action and were compulsory counterclaims in the ejectment action and, therefore, are barred by res judicata. See [D.E. 20] 19–21. Defendants also argue that collateral estoppel bars Lawson's claims because each of "Lawson's claims boil down to the theory that Defendants did not have the authority to institute the Ejectment Action against her, and the Defendants were not legally entitled to recover the rent and damages IC MHP was awarded in the Ejectment Action." [D.E. 20] 22. Lawson responds that under North Carolina law her claims are not barred by res judicata or collateral estoppel because of the nature of the summary ejectment

---

[1] North Carolina does not have a mechanism to certify questions of state law to its Supreme Court. See Town of Nags Head v. Toloczko, 728 F.3d 391, 398 (4th Cir. 2013).

4

action. See [D.E. 23] 13–18; [D.E. 30] 1–2; N.C. Gen. Stat. § 7A-219.

N.C. Gen. Stat. § 7A-219 expressly states that "[n]otwithstanding G.S. 1A-1, Rule 13, failure by a defendant to filed a counterclaim in a small claims action assigned to a magistrate, or failure to appeal a judgment in a small claims action in district court, shall not bar such claims in a separate action." N.C. Gen. Stat. § 7A-219; see J.S. & Assocs. v. Steveson, 265 N.C. App. 199, 201–02, 828 S.E. 2d 183, 185 (2019) ("Section 7A-219 makes it clear that counterclaims, even those ordinarily considered compulsory, may be brought in a subsequent, separate action[.]"); 4U Home & Sales, Inc. v. McCoy, 235 N.C. App. 427, 435, 762 S.E.2d 308, 314 (2014). Additionally, Lawson's aggregated claims would have exceeded the small claims jurisdictional threshold of $10,000. See N.C. Gen. Stat. § 7A-210(1) (amount in controversy for a small claims action is computed in accordance with N.C. Gen. Stat. § 7A-243); N.C. Gen. Stat. § 7A-243(4)(a) ("Except as provided in subparagraph c of this subdivision, where a single party asserts two or more properly joined claims, the claims are aggregated in computing the amount in controversy."); McCoy, 235 N.C. App. at 435 n.6, 762 S.E.2d at 314 n.6. Thus, res judicata does not bar Lawson from pursuing her claims in this action.

As for defendants' collateral estoppel argument, section 7A-219 defeats the argument. Section 7A-219 provides, in relevant part:

> No counterclaim, cross claim or third-party claim which would make the amount in controversy exceed the jurisdictional amount established by G.S. 7A-210(1) is permissible in a small claim action assigned to a magistrate. No determination of fact or law in an assigned small claim action estops a party thereto in any subsequent action which, except for this section, might have been asserted under the Code of Civil Procedure as a counterclaim in the small claim action. Notwithstanding G.S. 1A-1, Rule 13, failure by a defendant to file a counterclaim in a small claims action assigned to a magistrate, or failure by a defendant to appeal a judgment in a small claims action to district court, shall not bar such claims in a separate action.

N.C. Gen. Stat. § 7A-219. The court rejects defendants' argument and declines to dismiss Lawson's claims based on res judicata or collateral estoppel and considers the claims on the merits.

5

## B.

As for defendants' motion to dismiss claims one and two on the merits, plaintiffs plausibly allege that the form contracts are "contracts for deeds" under N.C. Gen. Stat. §§ 47H-1, et seq. See Compl. ¶¶ 33, 70, 77, 81–82, 89, 101; Lee v. Cooper, 253 N.C. App. 734, 739–40, 801 S.E.2d 371, 374 (2017). Moreover, no condition precedent is necessary to bring a claim under N.C. Gen. Stat. § 47H-8.

## C.

As for claim three, plaintiffs agree that they lack Article III standing to assert this claim. See [D.E. 23] 23–25. Thus, the court dismisses without prejudice claim three. See Weener Plastics, Inc. v. HNH Packaging, LLC, No. 5:08-CV-496-D, 2009 WL 2591291, at *6 (E.D.N.C. Aug. 19, 2009) (unpublished) (collecting cases). Likewise, the court dismisses without prejudice any part of any other claim that relies on claim three, including the UDTPA claims in claim four and claim five, the civil conspiracy claim in claim eight, and the declaratory judgment claim in claim nine.

## D.

As for the motion to dismiss all defendants other than Indian Creek MHP, LLC, plaintiffs plausibly allege a civil conspiracy among all defendants. Thus, the court declines to dismiss the four defendants other than Indian Creek MHP, LLC. See Compl. ¶¶ 17–25, 44, 75, 76, 83, 91, 103, 109; Petruzzo v. HealthExtras, Inc., No. 5:12-CV-113-FL, 2013 WL 4517273, at *4 (E.D.N.C. Aug. 23, 2013) (unpublished); State ex rel. Cooper v. Ridgeway Brands Mfg., LLC, 362 N.C. 431, 444, 666 S.E.2d 107, 115 (2008).

## IV.

In sum, the court GRANTS IN PART an DENIES IN PART defendants' motion to dismiss [D.E. 19]. The court GRANTS IN PART and DISMISSES WITHOUT PREJUDICE claim three and any part of any other claim relying on claim three, including the portions of the UDTPA claims in claim four and claim five, the civil conspiracy claim in claim eight, and the declaratory judgment

6

claim in claim nine that rely on allegations of violations of the North Carolina Manufactured Home Warranties Act. The court DENIES the motion as to the other claims of plaintiffs and DECLINES to dismiss the claims against all defendants. Whether specific claims or specific defendants will survive the inevitable motion for summary judgment is an issue for another day.

SO ORDERED. This 9 day of August, 2022.

                                       JAMES C. DEVER III
                                       United States District Judge