IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:21-CV-486-D

| | |
|---|---|
| IRMA RODRIGUEZ and ETHEL DOLORES LAWSON, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | )<br>) **PROTECTIVE ORDER** |
| RIVERSTONE COMMUNITIES, LLC, INDIAN CREEK PARENT, LLC, INDIAN CREEK MHP, LLC, INDIAN CREEK DEALER, LLC, and INDIAN CREEK ASSOCIATION, LLC, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

This case is before this Court for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Local Civil Rule 79.2, and the Case Management Order. The parties anticipate that the discovery in this case may include production and disclosures by the parties and by third parties of information that may be confidential or proprietary, including, without limitation, financial information, personally identifiable information, and/or trade secrets. Accordingly, entry of this Consent Protective Order is in the interest of all parties and in the interest of the fair and efficient administration of justice. Therefore, until further order of this Court, it hereby is ordered that the parties shall follow the procedures set forth below with respect to information, documents, testimony, or tangible things produced or otherwise disclosed in this litigation:

1. "CONFIDENTIAL Information" shall mean any information, documents, testimony, or tangible things ("Information") furnished in the course of this litigation regarded by a party or non-party as confidential and/or private information, including proprietary data, trade secrets, other valuable or commercially sensitive information, confidential or private information concerning parties, witnesses, and persons not party to this action, and/or commercially sensitive or otherwise confidential information designated as "CONFIDENTIAL" pursuant to the procedures set forth below. The term "documents" shall be broadly construed to include information that is recorded in any form, including but not limited to hard copy, electronically stored information, and audio and video recordings.

2. All Information that is designated CONFIDENTIAL under this Protective Order shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the Information under the terms of this Protective Order. CONFIDENTIAL Information received by any authorized person shall be used only for purposes of this litigation and for no other purpose.

3. If any Information designated CONFIDENTIAL is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such Information.

4. Information shall be designated CONFIDENTIAL within the meaning of this Protective Order in the following ways:

(a) In the case of documents or tangible things, including the information contained therein, that are produced by any party, designation shall be made by placing on each page of the document or each tangible thing the legend or stamp CONFIDENTIAL.

(b) In the case of electronic records where the files themselves are not stamped, designation shall be made in the discovery response by assigning those records a Bates number or numbers, followed by the appropriate designation for those records.

(c) In the case of responses to interrogatories and requests for admission, including the information contained therein, designation shall be made by placing on the pages containing the CONFIDENTIAL Information the legend CONFIDENTIAL.

(d) With regard to subparts (a)-(c) above, in the event of an inadvertent or unintentional production without prior designation as CONFIDENTIAL has occurred, the party desiring to so mark such documents, records, or discovery responses as CONFIDENTIAL may do so by providing notice to the other party of such inadvertent or unintentional production, and marking such material as CONFIDENTIAL, within five business days of such discovery

(e) In the case of deposition testimony, counsel may designate, on the record, those portions of a deposition that counsel believes contain CONFIDENTIAL Information. If designation of CONFIDENTIAL Information is made, those portions of said depositions involving such CONFIDENTIAL Information will be taken with no one present except those persons who are authorized to have access to such CONFIDENTIAL Information in accordance with this Protective Order. A witness, whose deposition is being taken, may see any document identified as CONFIDENTIAL if the witness is within the category of persons entitled to see this type of information, pursuant to the provisions described below in section 6. Any party shall have thirty days after the receipt of the deposition transcript to inform the other parties to the action of the

portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL. Unless otherwise agreed by counsel, the right to make such designation shall be waived unless made within the thirty-day period. Prior to such designation or the expiration of the thirty-day period, the entire deposition transcript shall be deemed CONFIDENTIAL Information.

      5.      The parties agree to designate Information as CONFIDENTIAL on a good-faith basis and not for purposes of harassing the other parties or for purposes of unnecessarily restricting the other parties' access to information concerning the lawsuit.

      6.      Discovery material designated "CONFIDENTIAL" may be inspected and disclosed only to the following persons:

      (a)    attorneys of record for the parties in this action and the staff of their respective law firms (including associates, legal assistants and paralegals) working on this action;

      (b)    the parties, including the directors, officers, managers, and employees of the parties to this action and their affiliates, including inside counsel of any party who is assisting in the preparation of that party's case;

      (c)    court officials involved in this action, including court reporters, stenographers, and persons operating video recording equipment at depositions;

      (d)    witnesses, provided that (i) discovery material is used in connection with the examination of the witness; (ii) counsel using such documents or information believes in good faith that such use is necessary or appropriate; and (iii) the witness is first provided with a copy of this Order and executes Exhibit A, or is the author, recipient, or a copy of such discovery material;

      (e)    independent contractors, outside consultants and experts and their staff consulted or retained by a party for the purpose of assisting in the prosecution or defense of this

action, provided the material is used only to the extent needed to perform their duties, that such persons shall be given a copy of this Order, advised that they are bound by it, and sign Exhibit A; and

(f) putative class action settlement administrator and their staff retained by a party for the purpose of evaluating and/or assisting with a potential or actual settlement of this matter;

(g) any other person who is designated as an authorized person by Order of this Court, after notice to the parties, or by agreement with the designating party.

7. Before filing with the Court any document (including, but not limited to, pleadings, briefs, memoranda, depositions, and exhibits) containing or consisting of Information that has been designated CONFIDENTIAL, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, and Section V.G.1(e) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual ("Policy Manual") with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 7 days of the service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information in accordance with Section V.G.1 of the Policy Manual. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after

carefully weighing the interests advanced by the movant and interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

8. When a party or non-party seeks to maintain the sealing of confidential documents, things, and/or information, said party or non-party's supporting memorandum of law should specify: (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) ~~where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any~~ how such request to seal ~~seeks to overcome~~ overcomes the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

9. If a party believes that a document designated or sought to be designated CONFIDENTIAL by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. If agreement cannot be reached by counsel, then the party desiring the designation to continue may present such dispute to the Court by motion under Rule 26(c), Fed.R.Civ.P., within fourteen (14) calendar days of the date of first written notice of any party's disagreement with any such designation. In the event

that the party or parties desiring to continue such designation fails to meet this deadline, the prohibition against the contested disclosure shall terminate automatically without prejudice to the designating party's right to move for relief under Rule 26(c), Fed.R.Civ.P., with respect to that same Information. In the event the party or parties desiring to continue such designation meets this time deadline, all such designations shall be respected pursuant to the terms of this Order until the Court rules on the motion. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the designation of confidentiality. During the time after a dispute has been raised but not ruled on by the Court, this Order remains in effect.

10. Each person who has access to Information that has been designated as CONFIDENTIAL shall take all due precautions to prevent the unauthorized disclosure of such material.

11. Within thirty days of the conclusion of this action, including any appeals, all Information designated as CONFIDENTIAL by a party pursuant to this Order, and all copies thereof, shall be destroyed by all other parties, except that counsel for each party is entitled to keep copies of pleadings and correspondence and any attachments or exhibits thereto, including CONFIDENTIAL Information, used in this litigation in a secure storage area subject to the terms of this ~~Consent~~ Order. Within two business days of destruction, a party shall confirm such destruction in writing to the designating party. The provisions of this Order insofar as they restrict the disclosure, communication of, and use of CONFIDENTIAL Information produced hereunder shall continue to be binding after the conclusion of this action.

12. Review of CONFIDENTIAL documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

13. Nothing contained in this protective order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

14. In the event that the recipient of any CONFIDENTIAL Information is served with a subpoena or other legal process in another action, by one not a party to this case, concerning materials subject to this Order, that person shall give prompt written notice of such event to the producing person and shall object on the basis of this Order to producing or responding to any such subpoena or other legal process. The notice to the producing person shall be given in writing by electronic mail to counsel. Within 15 days from the electronic mail receipt, counsel for the producing person shall advise the person who is to respond to the subpoena or other legal process of the producing party's position

15. Nothing herein shall be construed as requiring the recipient of CONFIDENTIAL Information to challenge or appeal or to seek relief from any order requiring the production or other response concerning confidential materials, or to subject herself or himself or itself to any penalties for noncompliance with any subpoena, legal process or order requiring the production or other response concerning such materials other than as stated herein.

16. A party needing relief from the provisions of this Order may, if agreement between or among the parties cannot be reached, seek appropriate relief from the Court upon notice to the other parties.

17. <u>Rule 502(d).</u> The parties acknowledge that, despite each party's best efforts to conduct a thorough pre-production review of all productions, some information not subject to discovery (whether due to an applicable privilege or other legal protection) may be inadvertently disclosed to another party during the course of this litigation. If the producing party notifies the

receiving party in writing that documents or other information have been inadvertently disclosed that the producing party believes in good faith to be subject to a claim of privilege, including but not limited to attorney-client privilege or attorney work product, Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B) shall apply. This includes the maximum protection allowed by Federal Rule of Evidence 502(d). The inadvertent disclosure does not waive the privilege or protection from discovery in this case or in any other federal or state proceeding. Notice from the producing party shall include a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5)(A). The parties shall meet and confer concerning the inadvertently produced material within seven (7) business days after the producing party notifies the receiving party in writing of the inadvertent disclosure. If the parties cannot reach agreement on the claim of privilege, the producing party or the receiving party may then present the information to the Court under seal within fifteen (15) business days after the meet-and-confer for a determination of the claim.

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: April 6, 2023

_____
Brian S. Meyers
United States Magistrate Judge

WE CONSENT:

/s/ Katharine Woomer-Deters
Katharine Woomer-Deters
N.C. Bar No. 33892
Email: kate@ncjustice.org
Jason Pikler
N.C. Bar No. 47128
Email: jason.pikler@ncjustice.org
Carlene McNulty
N.C. Bar No. 12488
Email: carlene@ncjustice.org
North Carolina Justice Center
P.O. Box 28068
Raleigh, North Carolina 27611
Tel: (919) 861-2072
Fax: (919) 856-2175

Stuart Rossman (*Special Appearance*)
National Consumer Law Center
7 Winthrop Square, Fourth Floor
Boston, Massachusetts 02110
Tel.: (617) 542-8010
Email: srossman@nclc.org

*Attorneys for Plaintiffs*

/s/ Scott E. Bayzle
Scott E. Bayzle
N.C. State Bar No. 33811
Email: scottbayzle@parkerpoe.com
Melanie Black Dubis
N.C. State Bar No. 22027
Email: melaniedubis@parkerpoe.com
Corri A. Hopkins
N.C. State Bar No. 54856
Email: corrihopkins@parkerpoe.com
Parker Poe Adams & Bernstein LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
Telephone: (919) 828-0564
Facsimile: (919) 834-4564

Joseph Aviv (*Special Appearance)*
Patrick Rawsthorne (*Special Appearance*)
Honigman LLP
39400 Woodward Avenue, Suite 101
Bloomfield Hills, Michigan 48304
Telephone: (248) 566-8300
Email: javiv@honigman.com
         prawsthorne@honigman.com

*Attorneys for Defendants*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:21-CV-486-D

IRMA RODRIGUEZ and ETHEL
DOLORES LAWSON, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

RIVERSTONE COMMUNITIES, LLC,
INDIAN CREEK PARENT, LLC,
INDIAN CREEK MHP, LLC,
INDIAN CREEK DEALER, LLC, and
INDIAN CREEK ASSOCIATION, LLC,

    Defendants.

**DECLARATION OF**
_____

1. My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

2. I live at: _____.

3. I am employed as (state position): _____.

4. The full name and address of my employer is: _____
_____
_____.

5. I am aware that a Consent Protective Order ("Protective Order") has been entered in the case of *Irma Rodriguez, et al. v. Riverside Communities, LLC, et al.*, in the United States District Court, Eastern District of North Carolina, Western Division ("Court"). A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

6. I agree that documents, information, testimony, and tangible things ("Information") designated as CONFIDENTIAL shall be subject to the terms of the Protective Order and agree to comply with and be bound by the terms of the Protective Order.

11

Case 5:21-cv-00486-D   Document 46   Filed 04/06/23   Page 11 of 12

7. Without limiting the foregoing, I agree that I will not disclose or discuss any Information designated CONFIDENTIAL except as allowed by Protective Order.

8. I agree to use any Information designated CONFIDENTIAL solely in connection with participation in this action and for no other purpose.

9. I am aware that contempt sanctions may be entered against me for violation of the Protective Order.

10. I agree to waive any objections to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

Executed this \_\_\_\_ day of _____, _____.

_____
Signature