IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:21-CV-486-CD

IRMA RODRIGUEZ and ETHEL )
DOLORES LAWSON, on behalf of )
themselves and all others similarly situated, )
)
*Plaintiffs*, )
)
v. )
)
RIVERSTONE COMMUNITIES, LLC, )
INDIAN CREEK PARENT, LLC, )
INDIAN CREEK MHP, LLC, )
INDIAN CREEK DEALER, LLC, and )
INDIAN CREEK ASSOCIATION, LLC, )
)
*Defendants*. )
_____ )

FILED IN OPEN COURT
ON 2/2/2024
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES TO CLASS COUNSEL AND SERVICE AWARDS TO CLASS REPRESENTATIVES

WHEREAS, the Court granted preliminary approval of the parties' class action settlement agreement, preliminarily certified a class and subclass for settlement purposes only, and directed class counsel to submit their application for attorneys' fees and expenses and service awards for the class representatives within thirty days from the mailing of notice to the class. [DE 49].

WHEREAS, pursuant to the Court's order and Fed. R. Civ. P. 23(h) and 54(d)(2), Plaintiffs filed an Unopposed Motion for Attorneys' Fees and Reimbursement of Expenses to Class Counsel and Service Awards to Class Representatives ("Motion"), within thirty days of the settlement administrator's mailing of the class notice.

1

WHEREAS, the preliminary approval order provided that the Court would consider the application for attorneys' fees, expenses, and service awards at the February 2, 2024 final approval hearing, as part of the Court's assessment of whether the settlement agreement was "fair, reasonable, and adequate" and merited final approval.

Now having duly considered the unopposed Motion, the supporting exhibits and the memorandum of law, the arguments of counsel, and the reaction of class members to the proposed attorneys' fees and class representative service awards, it is hereby ORDERED that the motion is GRANTED. The Court makes the following findings of fact and law in support of its order:

## A. FINDINGS REGARDING ATTORNEYS' FEES AND EXPENSES

1. "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement." Fed. R. Civ. P. 23(h).

2. Pursuant to the parties' Settlement Agreement, Defendants agreed to pay $1,020,000 into a qualified settlement fund for distribution to settlement class members. The Settlement Agreement also provides that Defendants will not oppose an application by class counsel for attorneys' fees, provided the requested fees do not exceed thirty percent of the settlement fund, as well as for expenses reasonably incurred in the prosecution of the action.

3. Class Counsel has requested approval of an award of attorneys' fees in the amount of $300,000, which is approximately 29.4% of the settlement fund, in addition to $5,866.32 in expenses.

4. The Court finds that the requested attorneys' fees, representing 29.4% of the common fund obtained for distribution to settlement class members, are reasonable under the "percentage-of-recovery" method. Cases in the Fourth Circuit routinely find that attorneys' fees representing thirty-three and one-third percent of the common fund are reasonable.

2

5. Each of the factors used by courts in the Fourth Circuit in determining whether to approve an award of attorneys' fees under the percentage-of-recovery method demonstrate the reasonableness of Class Counsel's request for attorneys' fees equaling 29.4% of the settlement fund. Fourth Circuit courts often use the following factors in determining reasonableness of fees pursuant to the percent-of-recovery method: (1) the results obtained for the Class; (2) objections by members of the Class to the settlement terms and/or fees requested by counsel; (3) the quality, skill, and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) public policy; and (7) awards in similar cases. *See, e.g. Hall v. Higher One Machines, Inc.*, No. 5-15-CV-670-F, 2016 WL 5416582, at *7 (E.D.N.C. Sept. 26, 2016) (citing *In re Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 261 (E.D. Va. 2009) (cleaned up).

6. In this instance, the Court finds that Class Counsel obtained significant monetary benefits for the settlement class members, averaging in the thousands of dollars per Class Household, as well as providing non-monetary relief and enforcement of consumer protections for members of the class and subclass. There have been __no__ objection(s) to the settlement terms or the requested award of attorneys' fees and expenses. The attorneys involved as Class Counsel are skilled and experienced and litigated the case on a contingent basis even at risk of non-payment. Public policy supports the granting of attorneys' fees in consumer protections cases so that attorneys will be incentivized to enforce consumer protection laws on behalf of consumers who may not be able to afford an individual attorney, or whose cases are not worth enough to merit individual representation. Finally, Plaintiffs' requested attorneys' fees award of 29.4% of the settlement fund is within the range of percentage-of-recovery awards that routinely receive approval in this District and the Fourth Circuit.

7. The Court finds that the reasonableness of the requested attorneys' fees is confirmed by a lodestar crosscheck.

8. The Court finds that the hourly rates requested by Plaintiffs are reasonable and consistent with rates charged by other attorneys and paralegals of similar experience working on complex litigation in the Eastern District of North Carolina.

9. The Court finds that the number of hours expended by Class Counsel and their staff are reasonable based on the complexity of the issues involved in the litigation and the excellent results achieved on behalf of the settlement class members.

10. The amount of attorney's fees agreed to in the Settlement Agreement represents only 37% of the lodestar that Class Counsel could have received, i.e., the product of the hours expended multiplied by the hourly rates requested. This supports the Court's finding that the amount of fees is fair and reasonable.

11. The Court finds that the expenses incurred by Class Counsel are reasonable.

12. As required by Rule 23(h)(1), notice of the joint motion was "directed to class members in a reasonable manner" by informing settlement class members that Class Counsel would be seeking the Court's approval of attorneys' fees of thirty percent of the settlement fund or $300,000, in addition to expenses.

13. Class members had until January 6, 2024 to object to the proposed attorneys' fees. __No__ objection(s) have been filed.

### B. FINDINGS REGARDING CLASS REPRESENTATIVE SERVICE AWARDS

14. The Court finds that Irma Rodriguez and Ethel Dolores Lawson are entitled to receive service awards in recognition of their efforts on behalf of the class. Without their willingness to pursue their claims on a class basis, rather than simply pursue their individual

4

recovery, the settlement class members would have not enjoyed the benefits achieved in this action.

15. Class members had until January 6, 2024 to object to the proposed service awards to the class representatives. __No__ objection(s) have been filed.

16. The Court finds that $7,000 is a reasonable amount to award each of the class representatives based on the results they helped achieve for the settlement class and for their work on the case, which includes assisting with the factual investigation of the claims, providing key evidence to support the case theory, and actively participating in the full-day mediation and the settlement negotiations that extended for months after mediation ended.

WHEREFORE, having found that the parties' Settlement Agreement merits final approval, the Court hereby approves the requested award of attorneys' fees for Class Counsel in the amount of $300,000, the requested reimbursement of expenses in the amount of $5,866.32, and the requested service awards of $7,000 each for Ms. Rodriguez and Ms. Lawson.

SO ORDERED. This the __2__ day of February, 2024

                                                        JAMES C. DEVER III
                                                       United States District Judge