IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:21-CV-486-D

IRMA RODRIGUEZ and ETHEL )
DOLORES LAWSON, on behalf of )
themselves and all others similarly situated, )
) FILED IN OPEN COURT
Plaintiffs, ) ON 2/2/2024
) Peter A. Moore, Jr., Clerk
v. ) US District Court
) Eastern District of NC
RIVERSTONE COMMUNITIES, LLC, )
INDIAN CREEK PARENT, LLC, )
INDIAN CREEK MHP, LLC, )
INDIAN CREEK DEALER, LLC, and )
INDIAN CREEK ASSOCIATION, LLC, )
)
Defendants. )
)

## FINAL ORDER AND JUDGMENT

This matter comes before the Court on *Plaintiffs' Unopposed Motion for Order Granting Final Approval of Class Action Settlement* and *Plaintiffs' Unopposed Motion for an Order Awarding Attorneys' Fees and Reimbursement of Expenses to Class Counsel and Service Awards to Class Representatives.* Having considered the written submissions and after hearing oral argument at the fairness hearing on February 2, 2024, the Court hereby grants *Plaintiffs' Unopposed Motion for Order Granting Final Approval of Class Action Settlement* [DE-53] and *Plaintiffs' Unopposed Motion for an Order Awarding Attorneys' Fees and Reimbursement of Expenses to Class Counsel and Service Awards to Class Representatives.* [DE-51]. The grounds supporting these rulings follow.

1

## I. Background

1. Plaintiffs filed their complaint in Wake County Superior Court on October 15, 2021. [DE 1-5]. Defendants thereafter removed the case to this Court on November 23, 2021, and filed a *Motion to Dismiss for Failure to State a Claim* on December 20, 2021. [DE 1, DE 19]. After extensive briefing by the parties, this Court granted in part and denied in part, without prejudice, Defendants' *Motion to Dismiss* on August 9, 2022, allowing the majority of Plaintiffs' claims to proceed, and declining to dismiss any of the Defendant entities as parties to the lawsuit. [DE 33].

2. Soon after the Court issued its order on Defendants' motion to dismiss, the parties initiated settlement negotiations, including a full-day, in-person mediation before the Honorable James Gale (Ret.) on December 7, 2022. The parties continued arms' length settlement negotiations by telephone and through correspondence, and executed a final settlement agreement on August 31, 2023 ("Settlement Agreement")[1], a copy of which Plaintiffs included as Exhibit 1 to their *Motion to Certify Class, Preliminarily Approve Settlement, and Direct Notice to the Class.* [DE 47-1].

3. On October 9, 2023, this Court entered an order preliminarily approving the settlement and directing notice to the Settlement Class ("Preliminary Approval Order"). [DE 49].

4. On November 22, 2023, the Settlement Administrator—American Legal Claim Services, LLC—mailed the Class Notice to all class members, and also established a website and toll-free hotline for Settlement Class Members to call for information regarding the proposed settlement per the requirements of the Settlement Agreement and this Court's Preliminary

---

[1] Capitalized terms not defined in this Order have the same meanings ascribed to them in the Settlement Agreement.

2

Approval Order. *See* [DE 53-1 (Declaration of American Legal Claim Services, LLC Regarding Due Diligence in Noticing, January 16, 2024, attached as Exhibit 1 to *Plaintiffs' Unopposed Motion for Order Granting Final Approval of Class Action Settlement* [hereinafter, "Administrator Declaration"]); *see* DE 49]. The Notice, the toll-free hotline, and the website contained information on how class members could object, including to the attorney fee award, if they chose to do so.

5. As required by the Settlement Agreement [*see* DE 47-1, § 8], and as expressly set forth in the Class Notice, the deadline by which Settlement Class Members were to opt out or object was January 6, 2024. No Settlement Class Members submitted written objections to the proposed settlement, and no Settlement Class Members opted out.

## II. Settlement Terms

6. The terms of the proposed settlement are set forth in the Settlement Agreement. [DE 47-1]. In summary, the proposed settlement provides for Defendants to pay $1,020,000 into a Settlement Fund. All members of the "Settlement Class" will receive a portion of the Settlement Fund, to be distributed as set forth in the Settlement Agreement. The Settlement Class is defined as "all persons who both (i) signed a Purchase Option with one or more Defendants for a Mobile Home and (ii) resided in that Mobile Home at Indian Creek at any time on or after October 15, 2017; provided, however, that the Settlement Class does not include persons excluded under Section 3.4 [of the Settlement Agreement]." [DE 47-1 § 3.2].

3

7. The Plan of Allocation provides that the monetary benefits available to the Settlement Class are available on a *per* Class Household basis, and will be distributed as follows:[2]

    a. "For each Class Household (i) that is composed of only Former Residents of Indian Creek as of the Effective Date, (ii) that signed its Purchase Option on or after October 15, 2017, and (iii) that did not exercise its Purchase Option, the Class Household will be entitled to an amount equal to the Option Fee paid by that Class Household to any Defendant." [DE 47-1 § 5.9(ii)a].

    b. "For each Class Household that had any summary ejectment proceeding commenced against any of its members in the Wake County District Court by any Defendant during the Class Period, the Class Household will be entitled to an amount of Five Thousand Dollars and No Cents ($5,000.00)." [DE 47-1 § 5.9(ii)b].

    c. "The participating Class Households will be entitled to the remaining funds in the Settlement Fund, distributed on a *pro rata* basis depending on the length of the Class Household's 'Household Residency Period.'" [DE 47-1 § 5.9(ii)c]. The "Household Residency Period" is further defined in the Settlement Agreement.

8. Class Counsel has indicated that the median payment to a class household (which payment will be divided among all persons in the household who signed the option contract) will

---

[2] As explained below, Notice and Administration Expenses, Class Representative Service Award(s), Attorneys' Fees and Expenses Award, and Fund Taxes, if any, will first be paid out of the Settlement Fund.

4

be approximately $7,000.00, with a minimum payment to a household of approximately $600.00, and a maximum payment of approximately $14,215.00.

9. If a Class Household consists of more than one Settlement Class Member, each Settlement Class Member comprising that Class Household will receive a *pro rata* share of the Class Household Payment (divided evenly by the number of Settlement Class Members in that Class Household). These *pro rata* shares of the Class Household Payment will be referred to as "Individual Class Member Payments." [DE 47-1 § 5.11(ii)].

10. The proceeds of all Individual Class Member Payment checks distributed pursuant to the Plan of Allocation "that, within ninety (90) days following the mailing of the checks, were returned as undeliverable, or were delivered by not cashed, will be referred to as the "Unclaimed Funds." [DE 47-1 § 5.12(i)]. The Settlement Administrator will redistribute the Unclaimed Funds to those Settlement Class Members with no Unclaimed Funds, as set forth in the Settlement Agreement. [DE 47-1 § 5.12(ii)].

11. "To the extent funds remain in the Settlement Fund after 90 days have elapsed from the final distribution of funds to Settlement Class Members as outlined in Section 5" of the Settlement Agreement, "the funds remaining in the Settlement Fund will comprise the '*Cy Pres* Distribution.'" [DE 47-1 § 5.13]. The *Cy Pres* Distribution will be made to the Indigent Person's Attorney Fund and to the North Carolina State Bar for the provision of civil legal services for indigents. The Notice and Administration Expenses, Class Representative Service Award(s), Attorneys' Fees and Expenses Award, and Fund Taxes, if any, will be paid out of the Settlement Fund.

12. The Settlement Agreement also provides for certain relief to members of the "Unexercised Option Subclass." The Unexercised Option Subclass is a subclass of the

5

Settlement Class, and it is defined as "Settlement Class Members who both (i) reside at Indian Creek on the Effective Date and (ii) have not, as of the Effective Date, exercised his/her/their Purchase Option. For clarification purposes, a Former Resident (*i.e.*, any Settlement Class Member who does not reside at Indian Creek on the Effective Date) is not in the Unexercised Option Subclass. For further clarification, if a Settlement Class Member resides at Indian Creek on the Effective Date but has already exercised his or her Purchase Option (*i.e.,* has purchased the Mobile Home) as of the Effective Date, then that Settlement Class Member is not in the Unexercised Option Subclass." [DE 47-1 § 3.3].

13. Within fifteen (15) days of the Effective Date of the Settlement Agreement, the Settlement Administrator will provide each Unexercised Option Subclass Household with (i) an Information Sheet and (ii) a "Right-to-Cancel" Form.

14. The Information Sheet includes certain enumerated disclosures with respect to each Mobile Home, as set forth in the Settlement Agreement. The Settlement Administrator will complete the Information Sheet "by consulting information maintained in the ordinary course of Defendants' business," which is information "based on a reasonably diligent and reasonably thorough search of the records maintained in the ordinary course of Defendants' business." [DE 47-1 § 6.2(i); *see also* DE 47-1 at 69-72 (Exhibit D (Information Sheet))].

15. "[I]f all Unexercised Option Subclass Members that constitute one Unexercised Option Subclass Household validly elect, *unanimously*, to cancel the Purchase Option, then that Unexercised Option Subclass Household will receive an Option Fee Refund," which will be paid by Defendants, and not from the Settlement Fund, as described in detail in the Settlement Agreement. [DE 47-1 § 6.1; *see also id.* § 6]. "Returning a valid Right-to-Cancel Form to the Settlement Administrator" in the manner set forth in the Settlement Agreement "is the only way

6

that an Unexercised Option Subclass Household may elect to cancel its Purchase Option and receive the Option Fee Refund." [DE 47-1 § 6.2(ii)]. An Unexercised Option Subclass Household that elects to cancel the Purchase Option and receive an Option Fee Refund "will no longer have any right of any kind to purchase the Mobile Home, and its Purchase Option will become null and void." [*Id.*; *see also id.* § 6.5(i)].

16. The Settlement Agreement also sets forth additional non-monetary relief available to the Unexercised Option Subclass Members related to their leases, all subject to the express terms of the Settlement Agreement, including that "Defendant Indian Creek MHP, LLC will make all repairs and perform maintenance that is required of landlords under N.C. Gen. Stat. § 42-42"[DE 47-1 § 6.5(ii)(a)]; that, "until the Unexercised Option Subclass Household exercises their Purchase Option and completes the purchase of the Mobile Home, members of the Unexercised Option Subclass Household will be afforded a 30-day opportunity to cure any payment default under the lease before the rights under the Purchase Option may be forfeited" [DE 47-1 § 6.6(iii)(b)]; and that, subject to the qualifications in the Settlement Agreement, "Unexercised Option Subclass Household will have the opportunity, if *all* members of that Unexercised Option Subclass Household choose, to enter into a new 12-month lot lease at Indian Creek" [DE 47-1 § 6.6(iii)(c)].

17. In addition, the Settlement Agreement provides that Class Counsel could seek an amount not to exceed thirty percent (30%) of the Settlement Fund for attorneys' fees associated with this action. [DE 47-1 § 5.7]. The Named Plaintiffs requested a Class Representative Service Award of up to $7,000 each. [DE 47-1 § 5.6]. The Attorneys' Fees and Expenses Award and the Class Representatives Service Award are to be paid from the Settlement Fund. On December 20, 2023, Class Counsel filed an unopposed Motion for Attorney Fees,

7

Reimbursement of Expenses, and Service Awards for Class Representatives. [DE 51]. The motion seeks an award of $300,000 in attorneys' fees (29.4% of the Settlement Fund), and $5,866.32 in expenses, which shall satisfy the Attorneys' Fees and Expenses Award as described in the Settlement Agreement. The motion also seeks Class Representative Service Awards of $7,000.00 each for Named Plaintiffs Irma Rodriguez and Ethel Dolores Lawson to be paid out of the Settlement Fund [DE 51].

### III. Approval of Class Notice

18. The Settlement Class has been notified of the settlement pursuant to the plan approved by the Court. After having reviewed the Administrator Declaration [DE 53-1] of American Legal Claim Services, LLC, the Court hereby finds that the notice was accomplished in accordance with the Court's Preliminary Approval Order. The Court further finds that the notice program constituted the best practicable notice to the Settlement Class under the circumstances and fully satisfies the requirements of due process. Fed. R. Civ. P. 23; 28 U.S.C. § 1715.

### IV. Approval of the Settlement

19. The Court finds that the parties' settlement is fair, reasonable, and adequate in accordance with Rule 23, was reached at an arm's length without collusion or fraud, and satisfies all the requirements for final approval. In considering the "fairness" and the "adequacy" of the settlement, the Court considered all the factors typically considered by courts in this District and in the Fourth Circuit, as outlined in *Plaintiffs' Memorandum in Support of Unopposed Motion for Order Granting Final Approval of Class Action Settlement* [DE-54]. *See, e.g. Beaulieu v. EQ Indus. Servs., Inc.,* No. 5:06-CV-00400BR, 2009 WL 2208131, at *24, *26 (E.D.N.C. July 22, 2009); *In re Jiffy Lube Sec. Litig.,* 927 F.2d 155, 158–59 (4th Cir. 1991)(listing the factors the

8

court should consider in determining the "fairness" and "adequacy" of a class action settlement at the final approval stage).

20. The Court recognizes that no Settlement Class Member submitted a timely, written objection to the Settlement. No Settlement Class Members opted out of the settlement by filing a valid and timely request for exclusion.

21. Notice of the proposed settlement was given to the appropriate State and Federal officials pursuant to 28 U.S.C. § 1715, and no objections or other responses have been received. Thus, Defendants have complied with 28 U.S.C. § 1715.

22. The settlement is finally approved and the parties are directed to consummate the settlement in accordance with its terms.

**V. Certification of the Settlement Class**

23. The Court hereby certifies the Settlement Class and the Unexercised Option Subclass as they are defined in this Order and in the Settlement Agreement.

24. Excluded from the Settlement Class (and, thus, also excluded from the Unexercised Option Subclass) are: (i) any person who signed a Purchase Option, but who, instead of paying the Option Fee, purchased the Mobile Home in one payment; (ii) any person who timely and properly excluded him/herself from the Settlement Class as provided in the Settlement Agreement;[3] (iii) any person employed by any Defendant during the Class Period; and (iv) the Court and the Court's immediate family

25. Based on the record before the Court, the Court hereby finds that the Named Plaintiffs Irma Rodriguez and Ethel Dolores Lawson are adequate representatives of the

---

[3] Subsection (iii) is a component of the Settlement Agreement, however, the time period for persons to exclude themselves from this settlement has passed, and no person timely and properly excluded themselves from the Settlement Class.

9

Settlement Class, and Ms. Rodriguez is an adequate representative of the Unexercised Option Subclass. In so holding, the Court finds that the prerequisites of Rule 23(a) and (b)(3) have been satisfied for the certification of the Settlement Class and the Unexercised Option Subclass for settlement purposes only. The Court specifically holds that, for settlement purposes only:

   a. the Settlement Class, which contains 199 members, and the Unexercised Option Subclass, which contained 134 members as of the date of the Preliminary Approval Order, are so numerous that joinder of all members is impracticable;

   b. there are questions of law and fact common to the Settlement Class and the Subclass,

   c. the claims of the class representatives are typical of claims of the Settlement Class members, and the Class Representatives and Class Counsel have and will adequately and fairly protect the interests of the Settlement Classes with regard to the claims of the Settlement Class and Subclass, and

   d. common questions of law and fact predominate over questions affecting only individual Settlement Class members; rendering the Settlement Class and Subclass sufficiently cohesive to warrant a class settlement.

26. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Class and the Unexercised Option Subclass.

27. This Court finally appoints Katharine Woomer-Deters, Jason A. Pikler, and Carlene McNulty of the North Carolina Justice Center, and Stuart Rossman, Of Counsel with the National Consumer Law Center, as Class Counsel. The Court appoints Irma Rodriguez and

10

Case 5:21-cv-00486-D   Document 59   Filed 02/02/24   Page 10 of 15

Ethel Dolores Lawson as Class Representatives of the Settlement Class, and Irma Rodriguez as Class Representative of the Unexercised Option Subclass.

## VI. Attorneys' Fees and Expenses

28. "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement." Fed. R. Civ. P. 23(h).

29. Pursuant to the parties' Settlement Agreement, Defendants agreed to pay $1,020,000 into the Settlement Fund. The Settlement Agreement provided that Defendants would not oppose an application by Class Counsel for attorneys' fees, provided the requested fees do not exceed thirty percent of the Settlement Fund. The Settlement Agreement further provided that Class Counsel would also seek reimbursement for litigation costs and expenses incurred in the Action.

30. Class Counsel has requested approval of an award of attorneys' fees in the amount of $300,000, which is approximately 29.4% of the Settlement Fund, in addition to $5,866.32 in expenses.

31. The Court finds that the requested attorneys' fees, representing 29.4% of the Settlement Fund, are reasonable under the "percentage-of-recovery" method. Cases in the Fourth Circuit routinely find that attorneys' fees representing thirty-three and one-third percent of the common fund are reasonable.

32. Each of the factors used by courts in the Fourth Circuit in determining whether to approve an award of attorneys' fees under the percentage-of-recovery method demonstrate the reasonableness of Class Counsel's request for attorneys' fees equaling 29.4% of the Settlement Fund. Fourth Circuit courts often use the following factors in determining reasonableness of fees pursuant to the percent-of-recovery method: (1) the results obtained for the Class; (2) objections

11

by members of the Class to the settlement terms and/or fees requested by counsel; (3) the quality, skill, and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) public policy; and (7) awards in similar cases. *See, e.g., Hall v. Higher One Machines, Inc.*, No. 5-15-CV-670-F, 2016 WL 5416582, at *7 (E.D.N.C. Sept. 26, 2016) (citing *In re Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 261 (E.D. Va. 2009)) (cleaned up).

33. In this instance, the Court finds that Class Counsel obtained significant monetary benefits and non-monetary relief for the Settlement Class members. There have been no valid written objection(s) to the proposed settlement terms or the requested award of attorneys' fees and expenses. The attorneys involved as Class Counsel are skilled and experienced and litigated the case on a contingent basis even at risk of non-payment. Finally, Class Counsel's requested attorneys' fees award of 29.4% of the Settlement Fund is within the range of percentage-of-recovery awards that routinely receive approval in this District and the Fourth Circuit.

34. The Court finds that the reasonableness of the requested attorneys' fees is confirmed by a lodestar crosscheck.

35. The Court finds that the hourly rates requested by Class Counsel are reasonable and consistent with rates charged by other attorneys and paralegals of similar experience working on complex litigation in the Eastern District of North Carolina.

36. The Court finds that the number of hours expended by Class Counsel and their staff are reasonable based on the work performed in this matter.

37. The amount of attorney's fees agreed to in the Settlement Agreement represents only 37% of the lodestar that Class Counsel could have received, i.e., the product of the hours expended multiplied by the hourly rates requested. This supports the Court's finding that the amount of fees is fair and reasonable.

12

38. The Court finds that the expenses incurred by Class Counsel are reasonable. As required by Rule 23(h)(1), notice of the motion for attorneys' fees was "directed to class members in a reasonable manner" by informing Settlement Class members that Class Counsel would be seeking the Court's approval of attorneys' fees of thirty percent of the Settlement Fund, or $300,000, in addition to expenses.

39. Settlement Class members had until January 6, 2024 to object to the proposed attorneys' fees. No objection(s) have been filed.

### VII. Class Representative Service Awards

40. The Court finds that Named Plaintiffs Irma Rodriguez and Ethel Dolores Lawson are entitled to receive Service Awards in recognition of their efforts on behalf of the Settlement Class.

41. Settlement Class members had until January 6, 2024 to object to the proposed Class Representative Service Awards. No objection(s) have been filed.

42. The Court finds that $7,000 is a reasonable amount to award each of the Class Representatives, to be paid from the Settlement Fund. The Court finds that the Service Awards are appropriate in light of the Class Representatives' work on behalf of the Settlement Class, and that no Settlement Class member has objected to the Service Awards. The Court hereby approves the Class Representative Service Awards, which shall be paid consistent with the parties' Settlement Agreement and based on their active participation throughout the duration of the case.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Court hereby finally approves in all respects the settlement as set forth in the Settlement Agreement (the "Settlement"), and finds that the Settlement is in all respects fair, reasonable, and adequate, and is in the best interest of the Settlement Class.

2. The Effective Date of the Settlement Agreement will be the fifth business day after entry of this Final Order and Judgment and the expiration of any time for appeal or review from the Final Order and final judgment, or if any appeal is filed and not dismissed, the fifth business day after this Final Order and Judgment is upheld on appeal in all material respects and is no longer subject to review on appeal or discretionary review by the United States Court of Appeals for the Fourth Circuit or by the United States Supreme Court.

3. By reason of the Settlement, and there being no just reason for delay, the Court hereby enters final judgment in this matter and all claims alleged by Plaintiffs are dismissed with prejudice as of the Effective Date, as defined in this Order.

4. The Court retains exclusive jurisdiction over the Action, the Parties, and this Agreement with respect to the performance of its terms and conditions (and disputes arising out of, or relating to, this Agreement) and to implementation and enforcement of its terms, conditions, and obligations.

5. Plaintiffs and the Settlement Class Members are permanently barred and enjoined from asserting any and all claims included in the Settlement Agreement's Release in any legal proceeding as against any of the Released Parties.

6. The Court hereby approves the requested award of attorneys' fees for Class Counsel in the amount of $300,000, the requested reimbursement of expenses in the amount of $5,866.32, and the requested service awards of $7,000 each for Ms. Rodriguez and Ms. Lawson

to be paid from the Settlement Fund.  Other than as specifically granted herein, the Parties shall bear their own costs and expenses as provided by the Settlement Agreement.

7. It is further adjudged that the Class Representatives shall be deemed conclusively to have compromised, settled, discharged, dismissed, and released any and all rights, claims, or causes of action, including the Released Claims, against the Released Parties as provided for in the Settlement Agreement.

8. It is further adjudged that the Settlement Class Members shall be deemed conclusively to have compromised, settled, discharged, dismissed, and released any and all rights, claims, or causes of action, including the Released Claims, against the Released Parties as provided for in the Settlement Agreement.

9. The Settlement Administrator, American Legal Claim Services, LLC, shall complete administration of the class by making the payments approved by this Order in accordance with the Settlement Agreement.  The Settlement Administrator shall make a *Cy Pres* Distribution of any remaining funds, divided equally between the Indigent Person's Attorney Fund and to the North Carolina State Bar for the provision of civil legal services for indigents.

10. Defendants shall comply with their obligations as expressly set forth in the Settlement Agreement, including, but not limited to making the payment into the Settlement Fund as described in the Settlement Agreement and taking those actions required by Paragraph 6 of the Settlement Agreement.  [DE 47-1, §§ 4.1, 6.1 – 6.6].

SO ORDERED. This the _2_ day of February, 2024.

*/s/ James C. Dever III*
JAMES C. DEVER III
United States District Judge